UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    Pamela M. Lindner,

        Debtor.
_____/

Case No. 08-71386
Chapter 7
Hon. Steven Rhodes

Opinion Regarding Joint Motion of Debtor and Sole Creditor to Dismiss
and the First and Final Application for Fees and Expenses for Trustee's Attorney

This case is before the Court on two motions. The debtor, Pamela M. Lindner, and the sole creditor, Terry Lindner, have filed a joint motion to dismiss the bankruptcy case. The trustee, Gene R. Kohut, has objected to that motion. In addition, the trustee's attorney, Gold, Lange & Majoros, P.C., has filed an application for fees, to which the debtor objects.

I. The Joint Motion to Dismiss

When the debtor filed the case on December 23, 2008, Citizens Bank was the only creditor. However, on May 11, 2009, Citizens Bank assigned its claim to Terry Lindner (the debtor's husband) and he has agreed to withdraw the claim upon the dismissal of the case. On these grounds, the debtor and the creditor assert that there is cause for the dismissal of the case under 11 U.S.C. § 707(a).

The trustee opposes the dismissal on the grounds that the estate's administrative expenses

should be determined and paid first. The trustee has recovered assets totaling $8,954.75.[1]

According to the trustee, the administrative expenses include $250 payable to the clerk of the court, $250 payable to an appraiser, $9,364.99 in fees and expenses for the trustee's attorney, and $2,005.47 in trustee fees under 11 U.S.C. § 326. (See Trustee's Memorandum of Law in Support of Trustee's Objection to Joint Motion to Dismiss, filed June 8, 2009, Docket 68, at page 6.) The total of these claimed administrative expenses is $11,870.46.

The debtor's reply vehemently disputes the claim for fees of the trustee's attorney. As noted, the trustee's attorney has filed a fee application and the debtor has filed a response. Those issues will be resolved below.

The Court concludes that the record does establish cause for dismissal. The sole creditor, the debtor's husband, is not interested in any distribution from the estate. As a result, there is nothing to do but to pay administrative expenses as allowed and refund the balance to the debtor if there is any. The debtor has offered to pay any federal tax or penalty resulting from the early withdrawal of her Franklin Templeton retirement account. Subject to those conditions, the joint motion to dismiss is therefore granted.

There does not appear to be any dispute about the administrative expenses other than those sought by the trustee's attorney. Accordingly, the following administrative expenses are allowed and the trustee is authorized and ordered to pay them: $250 to the clerk of the court; $250 to Curtis Kaye & Associates (appraiser); and $2,005.47 in trustee fees under 11 U.S.C. § 326.

---

[1] The trustee has collected an account with Franklin Templeton for $2,591.62 and a 2008 federal income tax refund of $6,363.13. The trustee's right to that refund is sustained in a separate opinion entered this date.

The Court ordered turnover of another account in the amount of $3,600.00 with Oppenheimer Funds, however, according to the trustee, the debtor's attorney advised Oppenheimer not to comply with the order, so the trustee never received those funds. The trustee has taken no further action on the issue.

The trustee shall pay allowed administrative expenses forthwith and shall submit an order dismissing this case within 28 days.

## II. The Application for Fees Filed by the Trustee's Attorney

The fee application filed by the trustee's attorney seeks fees of $9,000.00, after a voluntary reduction of $1,625.25. The application also seeks expenses of $78.69. The application and its detailed exhibits disclose 43.7 hours of service and adequately identify the nature of the services performed and the results achieved for the benefit of the estate. The application and the record further establish that all of the services performed by the trustee's attorney were legal services and are compensable as such. The services included: reviewing the debtor's exemptions; reviewing the debtor's schedules and taking action regarding the substantial deficiencies in them; obtaining turnover of funds in two accounts, one of which was undisclosed; prosecuting an objection to the debtor's discharge under 11 U.S.C. § 727(a)(2) and (4); obtaining the debtor's undisclosed 2008 federal tax refund; and responding to the joint motion to dismiss.

The debtor contends that the fee application should be denied or substantially reduced "based on the abuse of power by the Applicant in this case, the overbilling, and the churning of fees after they received notice of the request of dismissal[.]" (Debtor's Objection to First and Final Fee Application of Gold, Lange & Majoros, P.C., filed August 3, 2009, Docket 74, at page 6.) The debtor contends that the fees requested are unreasonable, unnecessary, and did not provide sufficient benefit to the estate. More specifically, the debtor asserts two primary objections. First, the debtor asserts that the trustee and his attorney had inadequate grounds for the objection to her discharge and that the objection was frivolous. Second, the debtor asserts that the trustee's attorney churned his fees after it was clear that the case should be dismissed.

The Court has reviewed the record concerning the objection to the discharge and concludes,

quite readily, that there was nothing frivolous or inappropriate about it.  It asserted serious deficiencies in the debtor's bankruptcy papers that required substantial explanation by the debtor.  The trustee agreed to dismissal of the objection only upon the request of the debtor's husband after he had purchased the only claim in the case.

The objection that the applicant's fees for services performed after it was clear enough that the case should be dismissed presents a slightly closer question.  At that point, counsel properly perceived that his responsibility was to protect the administrative creditors of the estate.  That perception was entirely appropriate.  The estate and the trustee owed a legal responsibility to its administrative creditors and the attorney was bound to assist in carrying out that responsibility.  After reviewing the fee application and the objection to it, as well as the record, the Court concludes that the fees requested for dealing with the dismissal issue were higher than they ideally should have been, but that this resulted not from inappropriate churning by counsel, but rather from the unfortunate inability of the parties and their attorneys to resolve the matter amicably, as it should have been.  This was most definitely not the applicant's fault, but nor, for what it's worth, was it the fault of the debtor's attorney either.  In any event, there are no grounds here to reduce the fees beyond that reduction already voluntarily taken by the applicant in his fee application in the exercise of sound billing judgment.

Accordingly, the fee application is granted.  The trustee is authorized and ordered to pay the applicant attorney fees of $9,000.00, and expenses of $78.69.

Not for publication.

**Signed on September 17, 2009**

            <u>   /s/ Steven Rhodes   </u>
            **Steven Rhodes**
            **United States Bankruptcy Judge**